UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES BLUNT,                                                    **22-cv-03546**

     Plaintiff,                              **COMPLAINT**

  -against-

EMPIRE SUPERMARKET, INC.,

     Defendant.
----------------------------------------------------------X

   Plaintiff, JAMES BLUNT ("Plaintiff"), as and for his Complaint against Defendant,
EMPIRE SUPERMARKET, INC. ("Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

   1.  Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.
§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142,
of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other
relief related to their employment with Defendant.

   2.  Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,
29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

   3.  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant
to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part
of the same case or controversy.

   4.  Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a
substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

   5.  Plaintiff is an adult male who resides in the State of New York.

6.     Upon information and belief, Defendant is a domestic business corporation duly organized and existing under the laws of the State of New York.

7.     Upon information and belief, Defendant maintains a principal place of business located at 1804 Ralph Avenue, Brooklyn, New York 11236.

## FACTS

8.     Defendant owns and operates a Key Food supermarket and is in the business of selling food and other goods to the public.

9.     Plaintiff is a former employee of Defendant.

10.     Upon information and belief, Defendant maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.     As such, Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

12.     Defendant employed Plaintiff from on or about July 15, 2021 until on or about May 17, 2022.

13.     Defendant employed Plaintiff as a cashier for its benefit and at its direction.

14.     Plaintiff's primary job duty was to operate a cash register.

15.     Defendant required Plaintiff to punch in and out of his daily shifts.

16.     Upon information and belief, Defendant maintained time records for the days and weeks that Plaintiff worked.

17.     Throughout his employment, Plaintiff typically worked between five (5) and seven (7) days per week with one (1) to two (2) rotating days off.

18.     On weekdays and Saturdays, Plaintiff worked from about 2:00 p.m. until about 10:45 p.m., and on Sundays he worked from about 1:00 p.m. until about 9:30 p.m.

19.     Throughout Plaintiff's employment, he typically worked at least 43.5 hours but often worked as many as 52.25, and sometimes even more than that.

20.     Defendant paid Plaintiff an hourly rate of pay for all hours worked (i.e. straight-time).

21.     Defendant did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

22.     Defendant failed to provide Plaintiff with a notice and acknowledgement of pay rate and pay day, or any other type of wage notice, at the time of his hiring or any time thereafter, as required by NYLL § 195(1).

23.     Defendant failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

24.     Defendant managed Plaintiff's employment, including the amount of time he worked each week.

25.     Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

26.     Defendant was aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

27.     Defendant's failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

28.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

29.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

30.     Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

31.     At all times relevant to this Complaint, Defendant had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled food and other goods that originated outside of New York and were sold in New York to New York customers.

32.     Upon information and belief, the gross annual volume of sales made or business done by Defendant in the applicable year(s) was not less than $500,000.00.

33.     Defendant was and is further subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in commerce.

34.     Plaintiff's job duties included accepting payment for goods sold via credit cards, which were processed in foreign states.

35.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

36.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

37.     By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

38.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

39.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

40.     Defendant acted willfully and either knew that its conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

41.     Defendant did not act in good faith with respect to the conduct alleged herein.

42.     As a result of Defendant's violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

43.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

44.     At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

45.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

46.     By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

47.     By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendant.

48.     Plaintiff was not exempt from the overtime provisions of the NYLL during his employment because he did not meet the requirements for any of the exemptions available under the NYLL.

49.     Defendant acted willfully and either knew that its conduct violated the NYLL or showed a reckless disregard for the matter of whether its conduct violated the NYLL.

50.     Defendant did not act in good faith with respect to the conduct alleged herein.

51.     As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

52.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

53.     Defendant willfully failed to furnish Plaintiff with wage notices during his employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the

language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

54.     Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

55.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**<u>FAILURE TO PROVIDE WAGE STATEMENTS</u>**

56.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

57.     Defendant willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

58.     Through its knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

59.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that Defendant committed one or more of the following acts:

   1.     Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

   2.     Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

   3.     Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B.     Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.     Award liquidated damages under the NYLL, or alternatively the FLSA;

D.     Award statutory damages under the NYLL;

E.     Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       June 16, 2022

                                    NEIL H. GREENBERG & ASSOCIATES, P.C.

                                    _____
                                    By: Keith E. Williams, Esq.
                                    *Attorneys for the Plaintiff*
                                    4242 Merrick Road
                                    Massapequa, New York 11758
                                    Tel: 516.228.5100
                                    keith@nhglaw.com
                                    nhglaw@nhglaw.com